IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00243-BNB

MARQUIS A. SCOTT,
Plaintiff,

v.

MONA SCOTT,
Defendant.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 16 2008

GREGORY C. LANGHAM
　　　　　　　　　CLERK

ORDER OF DISMISSAL

Plaintiff Marquis A. Scott is a prisoner in the custody of the Colorado Department of Corrections at the Bent County Correctional Facility at Las Animas, Colorado. Mr. Scott initiated this action by filing *pro se* a Prisoner Complaint. On February 15, 2008, he filed an amended Prisoner Complaint on the Court's current form. On March 10, 2008, Magistrate Judge Boyd N. Boland ordered Mr. Scott to show cause why the amended complaint and the action should not be dismissed for lack of subject matter jurisdiction. On April 7, 2008, apparently in response to Magistrate Judge Boland's show cause order, Mr. Scott filed a second amended Prisoner Complaint and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. The Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 will be denied as moot because Mr. Scott already has been granted leave to proceed *in forma pauperis* in this action.

The Court must construe the second amended complaint liberally because Mr. Scott is not represented by an attorney in this action. **See Haines v. Kerner**, 404 U.S.

519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the second amended complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not act as an advocate for a *pro se* litigant like Mr. Scott. *See id.*

Mr. Scott asserts in this action that he was entitled to certain payments totaling $3,560.00 from the Colorado Department of Labor and Employment. He further alleges that these payments were made to him in 2003, apparently while he was incarcerated, and that Defendant, who Mr. Scott describes as a "co-signer/re-insurer," received the payments and has withheld the money from Mr. Scott. Mr. Scott lists three claims in his second amended complaint that he labels "Failure to Payover [sic] Insurance Monies," "Proof of Claim," and Recovery/Receiver Receivership."

Pursuant to Fed. R. Civ. P. 12(h)(3), the Court must dismiss an action if the Court lacks subject matter jurisdiction. The issue of subject matter jurisdiction may be raised sua sponte by the Court at any time during the course of the proceedings. *See McAlester v. United Air Lines, Inc.*, 851 F.2d 1249, 1252 (10th Cir. 1988). Because federal courts are courts of limited jurisdiction, there is a presumption against the existence of jurisdiction and "[t]he party invoking the jurisdiction of the court has the duty to establish that federal jurisdiction does exist." *Basso v. Utah Power & Light Co.*, 495 F. 2d 906, 909 (10th Cir. 1974); *see also United States v. Bustillos*, 31 F.3d

931, 933 (10th Cir. 1994) (noting that "[t]he party seeking to invoke the jurisdiction of a federal court must demonstrate that the case is within the court's jurisdiction.").

In the order directing Mr. Scott to show cause, Magistrate Judge Boland instructed Mr. Scott to identify the statutory authority that allows him to raise his claims in this Court in this action. In the jurisdiction section of the Court's Prisoner Complaint form that Mr. Scott completed and filed as his second amended complaint, he checked the space to assert jurisdiction over civil rights claims pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983. However, Mr. Scott is not raising any civil rights claims pursuant to § 1983 in this action. As Magistrate Judge Boland advised Mr. Scott, § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." **Conn v. Gabbert**, 526 U.S. 286, 290 (1999). Mr. Scott does not allege that his federal rights have been violated in any way and he asserts that Defendant was not acting under color of state law.

Mr. Scott also lists a number of Colorado state statutes relating to the regulation of insurance companies in the jurisdiction portion of the second amended complaint. However, none of the cited state statutes provide the Court with jurisdiction over the claims he is asserting in this action. Therefore, the Court finds that the action should be dismissed for lack of subject matter jurisdiction. Accordingly, it is

ORDERED that the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 filed on April 7, 2008, is denied as moot. It is

FURTHER ORDERED that the complaint, the amended complaint, the second amended complaint, and the action are dismissed without prejudice for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3).

DATED at Denver, Colorado, this 15 day of April, 2008.

BY THE COURT:

*signature*

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00243-BNB

Marquis A. Scott
Prisoner No. 104716
Bent County Correctional Facility
11560 Rd. FF75
Las Aminas, CO 81054

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 4-16-08

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk